1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

9    WILLIE SAMPSON,

10          Petitioner,                          Case No. 3:15-cv-00239-LRH-WGC

11    vs.                                        **ORDER**

12    ISIDRO BACA, *et al.*,

13          Respondents.

14

15          This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254

16    by a Nevada state prisoner.

17    **I. Dismissal of Successive Petition**

18          The Court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules

19    Governing Section 2254 Cases in the United States District Courts.  The Court must dismiss a

20    petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not

21    entitled to relief in the district court."  Rule 4 of the Rules Governing Section 2254 Cases; *see also*

22    *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).

23          This case must be dismissed as successive based on petitioner's failure to comply with the

24    provisions of 28 U.S.C. § 2244(b).  Section 2244(b) requires that a petitioner seeking to file a

25    "second or successive" habeas petition must first obtain authorization from the federal Court of

26    Appeals to do so.  *See Burton v. Stewart*, 549 U.S. 147, 157 (2007) (where petitioner did not receive

27    authorization from the federal Court of Appeals before filing a second or successive petition, "the

28    District Court was without jurisdiction to entertain [the petition]"); *Barapind v. Reno*, 225 F.3d

1   1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires

2   the permission of the Court of Appeals before a second or successive habeas application under §

3   2254 may be commenced").  If an earlier federal petition is dismissed on the merits, any subsequent

4   petition challenging the same conviction or sentence will constitute a second or successive petition.

5   *See, e.g., Henderson v. Lampert*, 396 F.3d 1049, 1052-53 (9th Cir. 2005).

6          Petitioner filed a previous federal habeas petition in this Court challenging his conviction in

7   state case number C-182432.  In that case, this Court reviewed the petition on the merits and denied

8   the petition, by order filed March 31, 2014.  (ECF No. 86 in 3:11-cv-00019-LRH-WGC).

9   Petitioner's case is presently on appeal in the Ninth Circuit Court of Appeals.  (ECF No. 99 in 3:11-

10  cv-00019-LRH-WGC).  Petitioner has not obtained authorization from the Ninth Circuit Court of

11  Appeals to file the instant successive habeas petition.  As such, the Court cannot entertain the

12  petition and it will be dismissed as successive.  Further, petitioner's application to proceed *in forma*

13  *pauperis* in this action is denied as moot.

14  **II.  Denial of Certificate of Appealability**

15         In order to proceed with any appeal, petitioner must receive a certificate of appealability.

16  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-

17  951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  District

18  courts are required to rule on the certificate of appealability in the order disposing of a proceeding

19  adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for

20  certificate of appealability to be filed.  Rule 11(a) of the Rules Governing Section 2254 and 2255

21  Cases.  Generally, a petitioner must make "a substantial showing of the denial of a constitutional

22  right" to warrant a certificate of appealability.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S.

23  473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district

24  court's assessment of the constitutional claims debatable or wrong."  *Id.* (*quoting Slack*, 529 U.S. at

25  484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the

26  issues are debatable among jurists of reason; that a court could resolve the issues differently; or that

27  the questions are adequate to deserve encouragement to proceed further.  *Id.*  In this case, no

28  ///

1  reasonable jurist would find this Court's dismissal of the petition as successive debatable or wrong.

2  The Court therefore denies petitioner a certificate of appealability.

3  **III.  Conclusion**

4      **IT IS THEREFORE ORDERED** that this action is **DISMISSED AS A SUCCESSIVE**

5  **PETITION.**

6      **IT IS FURTHER ORDERED** that petitioner's application for leave to proceed *in forma*

7  *pauperis* (ECF No. 1) is **DENIED AS MOOT.**

8      **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

9      **IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ENTER JUDGMENT**

10  accordingly.

11      DATED this 16th day of December, 2015.

12

13

14  _____
    LARRY R. HICKS
15  UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-